IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Romell Williams,<br><br>         Petitioner,<br><br>vs.<br><br>Warden of McCormick Correctional Institution,<br><br>         Respondent. | C/A No. 2:20-cv-4268-JFA-MGB<br><br><br>**OPINION AND ORDER** |

## I. INTRODUCTION

Petitioner Isaac Romell Williams is an inmate in the custody of the South Carolina Department of Corrections serving a forty-year sentence for murder. Petitioner currently is housed at McCormick Correctional Institution in McCormick, South Carolina. Petitioner, proceeding pro se, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Respondent's Motion for Summary Judgment (ECF No. 29) and Petitioner's cross-motion for summary judgment (ECF No. 38).

After reviewing the motions for summary judgment, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Respondent's Motion for Summary Judgment should be granted and Petitioner's denied. (ECF No. 40). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections on August 19, 2022. (ECF No. 52). Thus, this matter is ripe for review.

1

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court

reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 40). In response to the Report, Petitioner enumerated six separate objections. (ECF No. 52). Each of the objections will be addressed in turn.

<u>Objection One</u>

Petitioner's first objection states: "Whether the Magistrate Judge's Report erroneously applied Tolan v. Cotton 134 S. Ct. 1161 (2014) where the United States Supreme Court reemphasized that on a motion for summary judgment 'the evidence of the nonmovant is to be believed and all justifiable inference are to be drawn in the petitioner's favor.'" (ECF No. 52, p. 1-2)[1].

Petitioner is correct that when analyzing a summary judgment motion, the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). However, in addressing a petition brought under 28 U.S.C. § 2254, as is the case here,

---

[1] All quotes from Petitioner's objections are written as they appear including any errors in the original.

3

"a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

In support of this objection, Petitioner merely restates various portions from the Report and claims they are in error. This objection amounts to a mere disagreement with the Report which fails to show any error. Petitioner does not present any specific evidence which was not construed in his favor or would lead to a different conclusion than that reached in the Report. A thorough review of the Report reveals no error in the legal standard applied by the Magistrate Judge. Thus, this objection is overruled.

Objection Two

Petitioner's second objection states: "Whether the Magistrate Judge's Report misapplied both the deficient performance of PCR Counsel and the substantial ineffectiveness plea counsel prong to both the Petitioner's 4th Amendment claims and withdraw of Plea Counsel claims as a merits review rather than a lesser procedural default standard under Martinez." (ECF No. 52, p. 9).

In this objection, Petitioner essentially asserts that the Magistrate Judge erroneously employed a heightened standard of review when analyzing Petitioner's attempt to show cause and prejudice necessary to overcome procedural default. Pursuant to *Martinez v. Ryan*, 566 U.S. 1, (2012), a state prisoner may establish cause by showing (1) that the defaulted ineffective-assistance-of-trial-counsel claim is "substantial," (2) that counsel in the initial state collateral-review proceeding was ineffective or absent, and (3) that state law required the ineffective-assistance-of-trial-counsel claim to be raised in the initial collateral-review proceeding as opposed to on direct review. *Owens v. Stirling*, 967 F.3d 396, 403 (4th Cir. 2020).

Despite, Petitioner's objections, a review of the Report indicates that the Magistrate Judge correctly identified the *Martinez* standard, explained its importance on the current motion, and dutifully applied it to the facts of this case. Again, Petitioner's rehashing of the factual arguments previously presented do not show any error in the Report. Accordingly, this objection is overruled.

<u>Objection Three</u>

Within his third objection, Petitioner argues: "Whether the Magistrate Judge's Report misapplied as matter of law Strader v Garrison 611 f.2d 61 (4th cir. 1979), and Hammond v US 528 f.2d 15 (4th cir.1975) where the 4th circuit court of appeals stated the proper remedy when the petitioner was flagrantly misadvised by plea counsel as to both his 4th amendment and withdraw his plea claims that this court must strike the plea and remand this case back to the sentencing court for a plea hearing." (ECF No. 52, p. 14).

Petitioner supports this objection by arguing that the Magistrate Judge erred in concluding that Petitioner cannot show prejudice by Petitioner's plea counsel misadvising Petitioner as to his Fourth Amendment violation and his guilty plea. Petitioner essentially argues that his plea counsel coerced him into pleading guilty against his wishes and further failed to advise him on his Fourth Amendment claims. Apart from referencing his own self-serving statements, Petitioner fails to present any other support or show any error in the Report. A review of the Report shows that the Magistrate Judge considered Petitioner's claims that he wished to withdraw his guilty plea but correctly concluded that such a motion would not have been successful. Accordingly, Petitioner's counsel was not ineffective. Likewise, the Report thoroughly considered Petitioner's Fourth Amendment claims and found them to lack merit. Accordingly, this objection is overruled.

Objection Four

Petitioner's fourth objections states: "Whether the Petitioner's Martinez claims was diligently raised in the PCR Court where the Petitioner is entitled to an evidentiary hearing on habeas corpus." (ECF No. 52, p. 18). Within this objection, Petitioner requests an evidentiary hearing to show that he diligently pursued his Fourth Amendment claims within his state court PCR proceedings. This objection lacks merit because the Report analyzed all evidence presented regarding Petitioner's Fourth Amendment claims and found the Petitioner's Fourth Amendment rights were not violated. Petitioner points to no further evidence that would be presented in an evidentiary hearing that would warrant a different outcome. Accordingly, this objection is also overruled.

Objection Five

Petitioner's fifth objection reads: "Does the state PCR procedural default rule furnish an independent and adequate state round for relief? If not, this case does not present a cause and prejudice issue." (ECF No. 52, p. 21). Petitioner argues that "in a nutshell . . . before this court determines procedural default it must first determine whether or not the PCR statute/Rules are adequate." *Id* at 23. Initially, it appears that this argument is raised for the first time within these objections and therefore not proper. Additionally, other than articulating a standard for determining whether the PCR process was adequate, Petitioner fails to offer any facts or other support to challenge the adequacy of his proceedings. A review of the record shows that Petitioner was represented by competent counsel throughout his PCR proceedings. Furthermore, the Magistrate Judge analyzed Petitioner's ineffective assistance of PCR counsel clams pursuant to the *Martinez* standard and found Petitioner's claims to be without merit. Accordingly, this objection also lacks merit and is overruled.

Objection Six

Within his final objection Petitioner states: "Whether the Magistrate Judge's Report erroneously weighted the evidence contrary to the summary judgment procedures." (ECF No. 52, p. 25). Petitioner argues that the Magistrate Judge erroneously weighed evidence supporting his Fourth Amendment and guilty plea claims instead of having an evidentiary hearing. However, Petitioner fails to offer any evidence contrary to the Magistrate Judge's findings. Within this motion "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1). Here, Petitioner has failed to make such a showing. Thus, his objections are without merit.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 40). For the reasons discussed above and in the Report, Respondent's motion for summary judgment (ECF No. 29) is granted and Petitioner's motion for summary judgment (ECF No. 38) is denied.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

September 16, 2022                                                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                                      United States District Judge

8