IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Romell Williams, <br><br> Petitioner, <br><br> vs. <br><br> Warden of McCormick Correctional Institution, <br><br> Respondent. | C/A No. 2:20-cv-4268-JFA-MGB <br><br><br> **OPINION AND ORDER** |

  This matter is before the Court on Petitioner Isaac Romell Williams' Motion to Alter or Amend the Judgment pursuant to Rule 59(e). (ECF No. 57).

  Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed*.)*; *Doe v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins*. Co., 148 F.3d 396, 403 (4th Cir. 1998)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

  Here, Petitioner seeks to have this Court reconsider its prior order (ECF No. 54) adopting the Magistrate Judge's Report and Recommendation and consequently dismissing this action to

prevent manifest injustice. Within his motion, Petitioner presents the same arguments, nearly verbatim, as those specifically presented and rejected within his objections to the Magistrate Judge's Report. (*Compare* ECF No. 52 *with* ECF No. 57). Thus, the motion is basically an improper attempt to reargue issues already decided by this Court. The Court understands that Petitioner may disagree with this Court's ruling. Nevertheless, an appeal to the Fourth Circuit after entry of judgment is the proper method for seeking review of the aggrieving ruling.

For the above reasons, the motion to alter or amend the judgment is denied.

IT IS SO ORDERED.

October 19, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge